```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

RE'NAUL M. JOHNSON, a/k/a
ARIEL A. ADLA, # 166237,            :

    Plaintiff,                       :

vs.                                 :    CIVIL ACTION 06-0476-KD-M

JAMES HALL,                         :

    Defendant.                       :


## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis* (Doc. 3),[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is recommended that Plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

---

[1]Plaintiff's Motion to Proceed Without Prepayment of Fees was granted (Doc. 3).  An Order rescinding this grant of *in forma pauperis* status is being entered contemporaneously with this Report and Recommendation.

>     unless the prisoner is under imminent danger
>     of serious physical injury.

Defendant James Hall asserts in his Answer (Doc. 21) and Special Report (Doc. 22) that Plaintiff filed more than four frivolous lawsuits in the United States District Court for the Middle District of Alabama and, therefore, has lost the right to proceed *in forma pauperis* in this action according to the Prison Litigation Reform Act.  *Id.* at 2.  Upon being advised of this, the Court examined the records of the Court for the Middle District and discovered that Plaintiff had several actions and appeals dismissed on the grounds enumerated under 28 U.S.C. § 1915(e)(2)(B).  *See Adla v. Bowers, et al.,* CA 04-0111-MHT-DRB (M.D. Ala. Mar.10, 2004); *Adla v. Glover,* CA 04-0171-MEF-DRB (M.D. Ala. May 10, 2004); *Johnson v. Ellison, et al.,* CA 98-1360-ID-CSC (M.D. Ala. Feb. 4, 1999); *Johnson v. Young, et al.,* CA 97-1211-MHT-VPM (M.D. Ala. Feb. 20, 1998), *dismissed* (11th Cir. Nov. 4, 1998) (appeal frivolous); *Johnson v. Robinson, et al.,* CA 98-1359-ID-CSC (M.D. Ala. Oct. 16, 2000), *dismissed* (11th Cir. Mar. 2, 2001) (appeal frivolous).  Furthermore, the Court for the Middle District dismissed several of Plaintiff's actions under 28 U.S.C. § 1915(g).  *Adla v. Houston County Jail, et al.,* CA 04-0110-MHT-DRB (M.D. Ala. Apr. 7, 2004); *Adla v. Spiegner, et al.,* CA 04-0164-MEF-DRB (M.D. Ala. Apr. 14, 2004); *Adla v. Glover, et al.,* CA 04-0181-WHA-DRB (M.D. Ala. Apr. 27, 2004); *Adla v. City*

*of Dothan, Ala., et al.,* CA 04-0258-MEF-DRB (M.D. Ala. Apr. 27, 2004); and *Johnson v. Houston County Comm., et al.,* CA 05-0899-MEF-DRB (M.D. Ala. Oct. 28, 2005).

In the present action, Plaintiff's superseding amended complaint (Doc. 9) does not indicate that at the time of filing Plaintiff was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). That is, Plaintiff's present action is concerned with the injuries that Plaintiff sustained when he fell from his top bunk on December 31, 2004, after Defendant did not provide him with a bottom bunk which was prescribed for him.  Considering that Plaintiff's action was filed much later on August 16, 2006, the requirement of imminent danger is not satisfied by his allegations.  Therefore, Plaintiff's amended complaint does not meet § 1915(g)'s "imminent danger of serious physical injury" exception.

Because Plaintiff did not pay the $350.00 filing fee at the time he filed this action and cannot avail himself of § 1915(g)'s exception, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay

the full filing fee at the time he *initiates* the action);

*Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

    objection may be deemed an abandonment of the
    objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 8th day of January, 2008.

                                                       _____
                                                      S/BERT W. MILLING, JR.
                                                      UNITED STATES MAGISTRATE JUDGE